FILED
2023 Aug-09  AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SANDRA BURKE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 5:22-cv-389-LCB |
| ) | |
| **KILOLO KIJAKAZI,** *Acting* ) | |
| ***Commissioner of Social Security***, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION & ORDER

Sandra Burke appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). In short, she claims that the Commissioner wrongly denied her applications for disability and disability insurance benefits. *Id.* at 1–2. As explained below, the Court finds no error in the Commissioner's decision. The Court therefore affirms the decision and dismisses this case with prejudice.

**I.     STATUTORY FRAMEWORK & STANDARD OF REVIEW**

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act, an administrative law judge (ALJ) evaluates an application for benefits by conducting a five-step analysis:

(1) Is the claimant engaged in substantial gainful activity?
(2) Does the claimant have a severe impairment?

(3) Does the claimant have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1?
(4) Is the claimant able to perform former relevant work?
(5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 404.1520(a)(4).[1] An ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, is able to perform any other work within the national economy (step 5), an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). A claimant is disabled if she can perform neither former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

By contrast, a claimant is not disabled if she can perform former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a claimant is not disabled, the claimant may request review of the ALJ's decision

---

[1] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

before the Social Security Appeals Council. 20 C.F.R. §§ 404.1775(a), 416.1467. If the Council denies review, the ALJ's decision becomes the final administrative decision of the Commissioner. *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020). A claimant may then seek judicial review of the Commissioner's decision in federal court. 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

## II.    BACKGROUND

Sandra Burke has a history of chronic fatigue due to low blood sugar and fainting episodes. (Tr. at 62–66, 81–85).[2] In May 2020, she applied for a period of disability and disability insurance benefits. *Id.* at 248–50. The Commissioner denied

---

[2] "Tr." is a consecutively paginated transcript of the administrative proceedings below and spans from ECF Doc. 7-1 to ECF Doc. 7-33. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

her application at the administrative level, and Burke requested an evidentiary hearing before an ALJ. *Id.* at 147–49, 165–66.

At the hearing, Burke testified that she is unable to work due to "severe fatigue." *Id.* at 81. She explained that she has a history of low blood sugar, a condition which makes her chronically tired and out of breath, and requires her to lie down for seven hours a day. *Id.* at 80–81, 83. She also explained that she suffers from seizures, which occur without warning, and that her medication makes her irritable, nauseous, and sleepy. *Id.* at 84. Notwithstanding her conditions, Burke testified, she is able to drive short distances, perform occasional household chores, and shop for brief periods of time. *Id.* at 82–83. She stated that she smokes half a pack of cigarettes per day. *Id.* at 85.

In July 2021, the ALJ affirmed the denial of Burke's application for benefits in accordance with the five-step analysis described above. *Id.* at 69. At steps one and two respectively, the ALJ found that Burke has not engaged in substantial gainful activity since applying for benefits and that she suffers from the following severe impairments: diabetes, syncope, and adrenal gland disorder. *Id.* at 60. Then, at step 3, the ALJ determined that Burke does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 61.

Before proceeding to step four, the ALJ determined that Burke has an RFC to perform "light work."³ *Id.* at 62. In doing so, the ALJ discredited Burke's testimony regarding the disabling effects of her symptoms. *Id.* at 63. The ALJ reasoned that regular cardiological, neurological, and endocrinological examinations showed that Burke's condition is stable and that her impairments do not significantly affect her capacity for work. *Id.* at 63, 66. The ALJ added that Burke continues to smoke cigarettes despite the fact that doctors had repeatedly counseled her to kick the habit. *Id.* at 66.

After determining Burke's RFC, the ALJ moved to step four and found that Burke is capable of performing her past relevant work as an investigator for the United States Department of Defense. *Id.* at 68. The ALJ thus concluded that Burke is not disabled under the Social Security Act and affirmed the denial of her application for benefits. *Id.* at 55, 68–69. In response, Burke requested further review before the Social Security Appeals Council. *Id.* at 1. The Council declined the request and informed Burke of her right to bring suit in federal court under 42 U.S.C. § 405(g). *Id.* at 1–3. This action followed.

---

³ The Social Security Act defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). A job falls "in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

## III.   DISCUSSION

Burke argues that, in determining her RFC, the ALJ improperly discredited her testimony regarding the disabling effects of her symptoms. (Doc. 9 at 6–10). A claimant may establish disability through her own subjective testimony by producing: "(1) evidence of an underlying medical condition and *either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (emphasis added).

If a claimant satisfies this test, the inquiry shifts to whether and to what extent the claimant's symptoms limit her capacity for work. 20 C.F.R. § 404.1529(a). This requires an ALJ to determine "the intensity, persistence, and functionally limiting effects" of a claimant's pain based on the record as a whole. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). An ALJ "must articulate explicit and adequate reasons" for discrediting a claimant's subjective testimony. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); *accord Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam).

In this case, Burke testified that she is unable to work due to "severe fatigue." (Tr. at 81). She explained that she has a history of low blood sugar, a condition which makes her chronically tired and out of breath, and requires her to lie down for seven

6

hours a day. *Id.* at 80–81, 83. She also stated that she suffers from sporadic seizures and that her medication makes her irritable, nauseous, and sleepy. *Id.* at 84. The ALJ discredited Burke's testimony on the grounds that it was not entirely consistent with the record evidence, including nearly two-dozen medical examinations showing that Burke's condition is stable and that her impairments do not significantly affect her ability to work. *Id.* at 63. Having reviewed the entire record, the Court finds that substantial evidence supports the ALJ's credibility determination.

Burke counters that the ALJ "failed to properly consider the evidence as a whole" and "mischaracterized" evidence consistent with her testimony. (Doc. 9 at 6). An ALJ, however, need not refer to or discuss every piece of record evidence, so long as the decision is sufficient "to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole."[4] Here, the ALJ's decision includes a *thorough* summary of the record evidence. (Tr. at 63–67). The decision, far from a broad rejection or mischaracterization of the record evidence, makes clear that the ALJ considered Burke's medical condition as a whole.

Burke also maintains that the record evidence, when properly considered, does not support the ALJ's determination that she is "able to maintain the demands of full-time employment at a range of light work." (Doc. 9 at 10). When reviewing

---

[4] *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (alterations in original) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

Social Security appeals, a federal court may not decide facts anew or reweigh record evidence. *E.g.*, *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1060 (11th Cir. 2021); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Here, Burke's argument, at its core, asks the Court to reweigh the record evidence—something the Court cannot do. In sum, the Court has no trouble concluding that the ALJ properly discredited Burke's testimony and that substantial evidence supports the ALJ's RFC determination.[5]

## IV. CONCLUSION

Burke shows no error in the Commissioner's decision. Accordingly, the Court **AFFIRMS** the decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment separately.

**DONE** and **ORDERED** August 9, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[5] Burke also argues that, in discrediting her testimony, the ALJ improperly relied on her lack of opinion evidence and mischaracterized her reported daily activities. (Doc. 9 at 10–13). The Court need not address these arguments because, as explained above, the ALJ's RFC determination is supported by substantial evidence. Thus, even assuming Burke is correct that the ALJ improperly relied on her lack of opinion evidence and mischaracterized her reported daily activities, any such error is harmless. *See, e.g.*, *Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 854 (11th Cir. 2018) (per curiam) (holding that an ALJ's failure to assign weight to a medical opinion was harmless error because the ALJ's "RFC ruling was supported by substantial evidence"); *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 614 (11th Cir. 2015) (per curiam) (holding that an ALJ's failure to discuss certain pieces of record evidence constituted harmless error because the ALJ's "RFC assessment [wa]s supported by substantial evidence").